**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN HARRIS,

        Petitioner-Appellant,

v.

RAY ROBERTS, Warden,

        Respondent-Appellee.

No. 07-3049

(D. of Kan.)

(D.C. No. 06-CV-3326-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Kevin Harris, proceeding *pro se*, files this petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Harris makes two claims. First, he asserts that the Kansas courts are denying him the right to appeal the resolution of state criminal charges filed against him in Reno County, Kansas, Case No. 04-CR-1034. He states that the 2004 charges were dismissed without

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

prejudice and that he filed an appeal in the matter which was never docketed in the Kansas appellate courts. Second, Harris seeks to enjoin the prosecution of similar charges filed against him in Case No. 05-CR-982. Harris argues that prosecution on the re-filed charges violates his constitutional and statutory rights to a speedy trial.

## I.

With respect to the first claim, the district court held that Harris is entitled to no relief. Under 28 U.S.C. § 2254(b)(1), a petitioner seeking habeas relief must be "in custody pursuant to the judgment of a State court." We agree. Since Harris is not a person "in custody" pursuant to a state court judgment, § 2254 is inapplicable to his first claim.

## II.

To the extent Harris's second claim seeks prejudgment relief from confinement due to pending charges in Case No. 05-CR-982, the district court liberally construed his habeas petition as filed under 28 U.S.C. § 2241. Under § 2241, exhaustion of state remedies is required absent a showing of futility. *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005).

The district court held that Harris failed to comply with the exhaustion requirement because Kansas state courts have not yet ruled on Harris's claim. First, the district court found that Harris abandoned his appeal in the matter of Case No. 04-CR-1034 under Kansas law. *See* Kansas Supreme Court Rule 5.051

(failure to docket appeal in compliance with Rule 2.04 is to be presumed an abandonment of the appeal). To the extent Harris contends that the failure to file an effective appeal was due to ineffective assistance of counsel, he must first present those claims to Kansas state courts. Second, the district court found that Harris must first challenge any statutory or constitutional "speedy trial" violations in the State's re-filing of charges in Case No. 05-CR-982 during the pendency of that case in state court. Since an adequate state remedy exists for Harris's claim, the district court dismissed his habeas petition without prejudice. We also agree, for the reasons identified by the district court.

Having reviewed the record, we are convinced that no "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we DENY Harris a certificate of appealability and dismiss this petition.

<div style="margin-left:50%">

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

</div>